# Third District Court of Appeal

## State of Florida

Opinion filed June 23, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1881
Lower Tribunal No. 19-37259

_____

**TV 109, LLC, etc., et al.,**
Appellants,

vs.

**Turnberry Village North Tower Condominium Association, Inc., etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Saul Ewing Arnstein & Lehr LLP, and Franklin L. Zemel, Alan R. Poppe and Ariel R. Deray (Fort Lauderdale), for appellants.

Cole, Scott & Kissane, P.A., and Scott A. Cole, for appellee.

Before EMAS, C.J., and LOGUE and SCALES, JJ.

PER CURIAM.

Appellants, TV 109, LLC and TV 111, LLC, appeal the trial court's nonfinal order denying their motion to dissolve an injunction issued by an arbitrator with the Florida Department of Business and Professional Regulation, following non-binding arbitration. That injunction prohibited appellants from using their Turnberry Village residential condominium units "as a synagogue" in violation of the Declaration of Condominium.

We find no abuse of discretion in the trial court's denial of the motion to dissolve. See Amezcua v. Cortez, 314 So. 3d 666 (Fla. 3d DCA 2021). In doing so, we note the arbitrator's seventeen-page final summary order, which made detailed factual findings, carefully analyzed the defenses raised by appellants, and clearly set forth the acts and conduct which, under the facts and circumstances presented, are prohibited. See Clark v. Bluewater Key RV Ownership Park Prop. Owners Ass'n, Inc., 226 So. 3d 276, 280 (Fla. 3d DCA 2017) (holding trial court's injunction was neither vague nor overbroad, noting: "Recognizing that the injunction could not delineate every scenario that might arise, the [trial] court urged lot owners, Association members and officers, and the defendants to 'employ common sense, reason, and courtesy when engaging in the rental process and when applying and enforcing the Covenants and Rules.'") The injunction in the instant case plainly satisfies the requirement that it "be adequately

particularized and phrased in such language that it can with definiteness be complied with." <u>Pediatric Pavilion v. Agency For Health Care Admin.</u>, 883 So. 2d 927, 930 (Fla. 5th DCA 2004).

Affirmed.